Nicholson, C. J.,
delivered the opinion of the Court.
Sol. Stone was indicted in the Circuit Court of Lincoln county, for maliciously killing a horse, the property of *459 Thornton Russell, of the value of $150. Russell loaned the horse to John Kelso to ride to the house of Sol. Stone. Upon reaching there, he hitched the horse to the fence, near where Sol. Stone was rolling logs. Kelso informed Stone that he had come for his clothes, which were at Stone’s house, near by. They got into angry words, when Kelso started towards the house, threatening to get his gun, which was at Stone’s house. Thereupon, Stone struck the horse three blows with a handspike, over the head, which broke his skull and instantly killed him. Stone had no malice against Russell, the general owner of the horse, but he was mad with Kelso, who was in possession of him, and the temporary owner.
The Circuit Judge charged the jury that “if you should believe from the evidence that Thornton Russell was the owner of the horse killed, -but at the time of the killing Kelso had the horse in his possession, under a loan or hire from the general owner Russell, and' in consequence of defendant’s malice against him, Kelso, defendant maliciously and wilfully killed the horse, then the court is of opinion that defendant would be guilty, although Kelso only had a special property in the horse, accompanied with possession.”
The jury found the defendant guilty, and sentenced him to one year in the penitentiary.
It is insisted here, that the law was erroneously charged to the jury. It is well settled, that to constitute the offense of malicious mischief in the killing of a horse, the malice must be towards the owner. It is necessary that the indictment should charge that the horse was maliciously killed, and also state who the owner of the pro *460 perty was. But it is not necessary that it should be charged that the killing was with malice towards the owner. The owner should be named, by way of identifying the horse, and because upon conviction the defendant would be liable to judgment for the value of the horse.
The charge of the court was, that proof of malice towards Kelso, the special owner, was sufficient, although the indictment charged that Russell was the general owner. As it was not necessary to charge in the indictment that the killing was with malice towards Russell, the general owner, it was sufficient to prove that it was done with malice towards the special owner.
There was no error, and the judgment is affirmed.